

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4344 | **DATE** | 10/2/2002 |
| **CASE TITLE** | MARILYN S. JONES vs. DEAN ANGELA STARKS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/16/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants', Angela Starks and Charles Green's motion to dismiss is granted. If plaintiff fails to appear at scheduled status, case may be dismissed for want of prosecution.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 OCT -3 PM 6:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


OCT 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN S. JONES, | Case No. 02 C 4344 |
| Plaintiff, | |
| | Honorable John W. Darrah |
| v. | |
| DEAN ANGELA STARKS; DR. CHARLES GREEN, President; and OLIVE HARVEY COMMUNITY COLLEGE, | OCT 4 2002 |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marilyn S. Jones, filed a single-count complaint against Defendants, Dean Angela Starks ("Starks"), Dr. Charles Green ("Green"), and Olive Harvey Community College, alleging violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 *et seq*. Starks and Green have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint. For the reasons that follow, Starks and Green's motion to dismiss is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For the purposes of this motion to dismiss, the following allegations are taken as true.

From September 22, 2000 until April 4, 2001, Plaintiff was employed by Olive Harvey Community College, where Charles Green is the President and Angela Starks is the Dean. Plaintiff was one of ten part-time employees in the Counseling Department. Plaintiff held the position of Program Advisor/Program Assistant/Counselor's Aide during this time. The other part-time employees held the position of Counselor/Lecturer. All part-time staff in the Counseling Department worked on a contractual basis. In January 2001, Plaintiff's contract was renewed for the Spring semester, January through May 2001. During her employment, Defendants were aware of Plaintiff's alleged disabilities.

On April 2, 2001, Plaintiff requested to have the morning of April 4, 2001, off due to her alleged disability. Initially, Plaintiff's request was granted. However, Plaintiff was called in to work later that morning. On April 5, 2001, Plaintiff was terminated for taking off two hours due to her alleged disability. A similarly situated non-disabled employee was allowed to take off three days on three separate occasions but was not discharged.

## DISCUSSION

Starks and Green move to dismiss the complaint against them, arguing that they are not "employers" within the meaning of the ADA.

The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A). "[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA." *EEOC v. AIC Sec. Investigations, Ltd.* ("*AIC*"), 55 F.3d 1276, 1282 (7th Cir. 1995). In *AIC*, the Seventh Circuit held that the ADA does not impose individual liability on the agents of an "employer". 55 F.3d at 1281. Therefore, Starks and Green's motion to dismiss Starks and Green is granted.

## CONCLUSION

For the reasons stated herein, Defendants', Angela Starks and Charles Green's, Motion to Dismiss is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 2, 2002